UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

CIRCUIT COURT CASE NO.: CACE20003898 (03)

FLORIDA EMERGENCY PHYSICIANS
KANG & ASSOCIATES, M.D., INC.;
INPHYNET CONTRACTING SERVICES, LLC;
INPHYNET SOUTH BROWARD, LLC;
PARAGON CONTRACTING SERVICES, LLC;
PARAGON EMERGENCY SERVICES, LLC;
SOUTHWEST FLORIDA EMERGENCY
MANAGEMENT, LLC  EMERGENCY
SERVICES OF ZEPHYRHILLS, P.A

    Plaintiffs,

v.

UNITED HEALTCHARE OF FLORIDA, INC.,
and UNITEDHEALTHCARE INSURANCE CO.

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendants UnitedHealthcare of Florida, Inc. and UnitedHealthcare Insurance Company (collectively, the "United Defendants")[1] submit this notice of removal of this civil action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and allege as follows:

---

[1] Plaintiffs named "United Healtchare of Florida, Inc." as one of the Defendants in the caption of the above-styled case.  The correct name for this Defendant is "UnitedHealthcare of Florida, Inc."  For consistency, the United Defendants have preserved the original case caption, including its spelling and spacing errors.

52708257;1

## I. INTRODUCTION

1. On or about March 3, 2020, Plaintiffs[2] filed their complaint (the "Complaint") in the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. *See Florida Emergency Physicians Kang & Associates, M.D., Inc., et al. v. United Healtcare of Florida, Inc., et al.*, CACE 20003898 (Fla. 17th Jud. Cir.) (the "State Court Action").

2. On March 13, 2020 and March 17, 2020, respectively, the United Defendants were served with process—a copy of the Service of Process Transmittal showing the date of service is attached hereto as **Exhibit A**. In accordance with 28 U.S.C. § 1446(a), copies of the process, pleadings, and all other papers in the State Court Action are attached hereto as **Exhibit B**.

3. The United Defendants timely filed this Notice of Removal within thirty (30) days of the date they were served with process. The United Defendants are the only defendants named in the Complaint and, as a result, all defendants consent to removal of the State Court Action to this Court.

4. The State Court Action is properly removed to this Court under 28 U.S.C. § 1441 because various causes of action are completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and therefore are within the original jurisdiction of this Court.

## II. ALLEGATIONS DERIVED FROM THE COMPLAINT

5. Plaintiffs are "professional emergency medicine group practic[es]" that "staff[] emergency departments and provide emergency services at hospitals in Florida." (Compl. ¶¶ 6-

---

[2] As used in this Notice, "Plaintiffs" shall refer collectively to the following: (i) Florida Emergency Physicians Kang & Associates, M.D., Inc.; (ii) InPhyNet Contracting Services, LLC; (iii) InPhyNet South Broward, LLC; (iv) Paragon Contracting Services, LLC; (v) Paragon Emergency Services, LLC; (vi) Southwest Florida Emergency Management, LLC; and (vii) Emergency Services of Zephyrhills, P.A.

7.) Certain of the Plaintiffs became out-of-network, non-participating providers with the United Defendants on October 15, 2019; others became out-of-network, non-participating providers with the United Defendants on January 15, 2020. (*Id.*)  As such, Plaintiffs, "at all times material to this action . . . have not been participating providers within United's provider network" and "have not had a written contract between them governing the rates at which United must reimburse [Plaintiffs] for their emergency services."  (Compl. ¶¶ 1, 43.)  In-network, participating providers, by contrast, enter into participation agreements with United that govern reimbursement rates.

6. According to the Complaint, UnitedHealthcare of Florida, Inc. "operates . . . as a health maintenance organization" whereas UnitedHealthcare Insurance Co. "operates . . . as a life and health insurer."  (Compl. ¶¶ 13-14.)  Plaintiffs also allege that the United Defendants are "affiliated corporate entities," which allegedly "made centralized decisions regarding the payment of the [benefit] claims at issue herein."  (*Id.* ¶ 15.)

7. Plaintiffs allege that "the Claims at issue in this action are for reimbursement for services Healthcare Providers provided at times when they were not participating providers with United."  (Compl. ¶ 20.)  They further allege that, during the time periods at issue in the Complaint, Plaintiffs and the United Defendants "have not had a written contract between them governing the rates at which United must reimburse [Plaintiffs] for emergency services provided to United's Members."  (*Id.* ¶ 34.)

8. Each count in the Complaint rests on the premise that Plaintiffs are allegedly entitled to "charges" or "billed charges" (*see, e.g.*, *id.* ¶¶ 1, 37) under Section 641.513(5) of the Florida Statutes.  Plaintiffs also allege that Section 641.513(5) warrants payment of certain benefits regardless of whether such benefits are covered under the health plans in which the United Defendants' members participate.  (*See, e.g.*, Compl. ¶ 26.)  Plaintiffs, however, specifically

3

acknowledge the United Defendants' obligation to "process[] and adjudicate[]" claims for benefits under the terms of the members' health plans insured or administered by the United Defendants. (*Id.* ¶ 51.)

9. That premise in the Complaint—that Plaintiffs are entitled to "charges" or "billed charges" (*see, e.g.*, *id.* ¶¶ 1, 37) under Section 641.513(5)—is fundamentally flawed for at least two reasons. First, it is in tension with Plaintiffs' allegation that this lawsuit "arises only from claims involving United's commercial plans and products."[3] (*Id.* ¶ 5.) Second, the Complaint repeatedly refers to United's "insured members" or "Members" who received services from Plaintiffs, (Compl. ¶¶ 3, 21-25, 29, 34, 36, 39-41, 45-50, 54, 56-63, 65-68, 70-72, 74-84), and these "Members" include participants in ERISA plans. (Attached hereto as **Exhibit C**, Declaration of Jane Stalinski (the "Stalinski Declaration") ¶¶ 11(a)-(h), 12.)[4] At bottom, Plaintiffs seek to recover benefits under ERISA plans. Therefore, Plaintiffs' causes of action necessarily fall within the scope of ERISA and are completely preempted.

### III. FEDERAL QUESTION JURISDICTION - COMPLETE PREEMPTION

10. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' causes of action are completely preempted by ERISA.

11. Although federal-question jurisdiction ordinarily is governed by the well-pleaded complaint rule, "[a]n exception to this rule is when Congress so completely pre-empt[s] a particular

---

[3] For example, Section 641.513(5) of the Florida Statutes does not, by its express terms, apply to private employers that self-fund their health plans, and no court has permitted a provider to apply that statute to such plans.

[4] Despite Plaintiffs' failure to include any information regarding the "Claims" at issue in the Complaint, the United Defendants have determined that most of the "Members" in question were enrolled in ERISA-governed benefit plans when they received services from the Plaintiffs and their claims for benefits were administered by the United Defendants. (Stalinski Declaration ¶¶ 11(a)-(h), 12.)

area that any civil complaint raising this select group of claims is necessarily federal in character." *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991) (internal quotation omitted). "The effect of this exception is to convert what would ordinarily be a state claim into a claim arising under the laws of the United States." *Id.*; *see also Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

12. State court actions that fall within the scope of § 502(a) of ERISA, such as a claim for improper denial of benefits under state law, are "displaced" by ERISA's civil enforcement mechanism and are therefore "removable to federal court." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 60 (1987); *see also Ehlen Floor Covering v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("Regardless of its characterization as a state law matter, a claim will be re-characterized as federal in nature if it seeks relief under ERISA."). In fact, when a "federal statute [such as ERISA] completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004).

13. A state law cause of action is subject to complete preemption under ERISA when: (i) the plaintiff "could have brought [its] claim under ERISA § 502(a)(1)(B)"; and (ii) "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210.

14. With respect to prong one of the *Davila* test, a claim for relief can be brought under ERISA § 502(a)(1)(B) by a "participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This prong is satisfied if a plaintiff has standing to sue and the claim "fall[s] within the scope of ERISA." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350 (11th Cir. 2009).

15. Based upon an initial investigation of Plaintiffs' claims and allegations,[5] the United Defendants have determined that, when Plaintiffs submitted claims to the United Defendants requesting payment of available benefits under the terms of health plans insured or administered by the United Defendants, Plaintiffs represented that the relevant patients/members had assigned their rights to benefits under their health plans and that Plaintiffs had accepted those assignments. (Stalinski Declaration ¶ 13.)[6] Plaintiffs—by allegedly stepping into the shoes of their patients—obtain the derivative right to sue and are "beneficiaries" of the health plan for purposes of complete preemption under ERISA. *See, e.g.*, *Conn. State Dental*, 591 F.3d at 1351 (finding that claim forms submitted by dentists to the defendant ERISA plan insurer "suffice to show an assignment of benefits" and confer ERISA standing for removal purposes); *Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1302-04 (11th Cir. 2010) (rejecting the arguments raised by medical provider plaintiffs who contested the adequacy of claim forms as the basis for finding they possessed derivative standing under ERISA for removal purposes).

16. Plaintiffs also submitted reimbursement claims directly to the United Defendants and received payments from the United Defendants for certain of the claims. (*See* Compl. ¶¶ 22-

---

[5] Plaintiffs have failed to provide any claim-specific identifying information for the claims they purport to place at issue. This omission has limited the United Defendants' ability to collect and present evidence to the Court along with this Removal Notice. The United Defendants' investigation continues, and the United Defendants reserve the right to submit additional evidence in opposition to any motion to remand Plaintiffs may file.

[6] Plaintiffs have initiated similar litigation against other companies and this litigation provides evidence that it is their practice to obtain such assignments from their patients. *See, e.g.*, Compl., *Florida Emergency Physicians Kang & Assocs., MD, PA as assignee of Sol Reyes v. United Servs. Auto. Assoc.*, Case No: 2009 SC 000790 SP at ¶ 10 (Fla. Osceola County Ct. Filed Mar. 9, 2009) (alleging that plaintiff "accepted and Defendant acknowledged the Insured executed an assignment of benefits to Plaintiff under the insurance policy issued by Defendant to Plaintiff"); Compl., *Florida Emergency Physicians Kang and Assocs., MD, PA as assignee of Jacqueline Kinser v. USAA Casualty Ins. Co.*, Case No: 2008 SC 002436 SP at ¶ 10 (Fla. Osceola County Ct. Filed July 17, 2008) (same), attached to the Declaration of Gera R. Peoples, Esq. as **Exhibits A – B,** attached to the Notice of Removal as **Exhibit D**.

52708257;1

25, 57). These direct payments further support prong one of the *Davila* test. *See Conn. State Dental*, 591 F.3d at 1353; *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 701 (7th Cir. 1991) ("The possibility of direct payment is enough to establish subject-matter jurisdiction.").

17. With respect to prong two of the *Davila* test, in determining whether there is an independent legal duty or a claim seeks benefits under an ERISA plan, courts at times distinguish between "right to payment" claims, which fall within the scope of ERISA, and "rate of payment" claims, which generally do not. *Conn. State Dental Ass'n*, 591 F.3d at 1349-50. "If the right to payment derives from the ERISA benefit plan as opposed to another independent obligation, the resolution of a right to payment dispute requires an interpretation of the plan." *Gables Ins. Recovery v. United Healthcare Ins. Co.*, 39 F. Supp. 3d 1377, 1388 (S.D. Fla. 2013).[7]

18. Here, this distinction is irrelevant because Plaintiffs repeatedly allege that they are "out-of-network" and "have not been parties to a contract with United that governs the reimbursement" (Compl. ¶ 21); thus, there is no independent contractual right to reimbursement at rates higher than what is afforded under the members' health plans. *See, e.g.*, *Sarasota Cty. Pub. Hospital Bd. v. Blue Cross and Blue Shield of Fla., Inc.*, 2019 WL 2567979, at *3 (M.D. Fla.

---

[7] The Eleventh Circuit Court of Appeals has applied this distinction only in cases where a healthcare provider has an express written participation agreement with a managed care organization and is suing for breach of contract under that express agreement. *See* C*onn. State Dental*, 591 F.3d at 1350; *see also Apex Toxicology, LLC v. United Healthcare Ins. Co.*, No. 16-CV-62768, 2017 WL 7806152, at *5 (S.D. Fla. June 26, 2017) (concluding that the benefit claims at issue involved the denial of benefit claims under ERISA because "[t]he distinction between 'rate of payment' and 'right of payment' . . . is irrelevant in cases involving out-of-network providers because a 'rate of payment' dispute is governed by the provider agreement.") (citing *Conn. State Dental*, 591 F.3d at 1349); *See also Alliance Med, LLC v. Blue Cross and Blue Shield of Georgia, Inc.*, 15-cv-00171-RWS, 2016 WL 3208077, at *3 (N.D. Ga. June 10, 2016) ("Although Plaintiffs rely on the distinction between 'rate of payment' and 'right of payment,' this distinction is irrelevant in cases involving out of network providers because a 'rate of payment' dispute is governed by the provider agreement. Plaintiffs in this case are not in-network providers and thus do not hold a provider agreement with Defendants. Therefore, these claims are within the scope of ERISA.") (citing *Conn. State Dental* 591 F.3d at 1349).

June 21, 2019) (dismissing counts for breach of provider agreements as "irrelevant" to the question of standing where plaintiff brought other counts asserting ERISA right-to-payment claims, which conferred standing to sue). The reimbursement amounts that the United Defendants have paid to Plaintiffs for the services at issue in this lawsuit—as non-participating providers—are set by the coverage terms of the members' health plans. *See Gables Ins. Recovery*, 39 F. Supp. 3d at 1388 (finding ERISA completely preempted state law claims and holding, "any determination of benefits under the terms of an ERISA plan, even regarding a seeming independent breach of oral or implied contract based on verification of those benefits, falls under ERISA and is a legal duty dependent on, not independent of, the ERISA plan."). Thus, determining the core issue of whether Plaintiffs have been denied payment or coverage for the services at issue in this lawsuit will necessarily require the Court to interpret those member's health plans, squarely bringing these claims within the scope of ERISA preemption. *See id.* ("If the right to payment derives from the ERISA benefit plan as opposed to another independent obligation, the resolution of a right to payment dispute requires an interpretation of the plan.").

19. Even if this "rate of payment" versus "right to payment" dichotomy applies in the case of plaintiff-providers who admit they have no contract with the defendants, Plaintiffs' claims in this case still implicate "right to payment" issues, and are thus completely preempted by ERISA. *See generally Borrero*, 610 F.3d at 1301-05 (citing *Conn. State Dental*, 591 F.3d at 1350-54). Plaintiffs' allegations repeatedly acknowledge and refer to the United Defendants' obligation to "Members," including referencing the determination of coverage "***under United's contracts with its Members***." (*See, e.g.*, Compl. ¶ 68 (emphasis added).) Accordingly, Plaintiffs cannot evade ERISA preemption by incorrectly describing their claims as implicating purely a "rate of payment," when those claims actually implicate a "right to payment" under the operative ERISA

health benefit plans, including contracts between the United Defendants and members of fully-insured ERISA plans. For example, Plaintiffs allege on numerous occasions that the United Defendants have violated Florida statutes or breached implied contracts by: "fail[ing] to reimburse Healthcare Providers for the emergency services Healthcare Providers rendered to *United's Members*." (*See, e.g.*, Compl. ¶ 41 (emphasis added).) But Plaintiffs were aware of how such benefit payment determinations would be made in relation to *United's Members*, including by the United Defendants "process[ing] and adjudicat[ing]" claims (*id.* ¶ 51) consistent with what is allowed under the members' benefit plans.

20. Plaintiffs' Complaint also repeatedly refers to "covered services"—*i.e.*, services covered under the terms of the members' benefit plans. (Compl. ¶¶ 36, 56.) Based upon an initial investigation into Plaintiffs' claims and allegations, the United Defendants have determined that approximately 135 claims that Plaintiffs submitted during the relevant time period that were made from ERISA plans are comprised of claim lines that reflect partial payment of some claim lines and denials of other claim lines. (Stalinski Declaration ¶¶ 11(a), 14.) *See Borrero*, 610 F.3d at 1302 (applying Eleventh Circuit precedent concluding that providers' complaint "challenged both the rate of payment and the right to payment under the ERISA plan because it alleged that the administrator both paid them the wrong rate and denied payment altogether for 'medically necessary' services, a coverage determination defined by the beneficiary's ERISA plan.") (citing *Conn. State Dental*, 591 F.3d at 1350-51). Plaintiffs purport not to pursue "any claims in which benefits were denied," (Compl. ¶ 4), but do not appear to carve out from their Complaint "hybrid" claims— i.e., claims comprised of claim lines for services that were partially paid and claim lines that were denied —which the Eleventh Circuit has concluded come within ERISA. *Borrero*, 610 F.3d at 1302-03. For this additional reason, the Complaint implicates the Plaintiffs' "right to

9

payment" for claims, as coverage determinations are directly at issue.

21. Count I of the Complaint alleges violations under Section 641.513(5), Florida Statutes, based on emergency services allegedly "rendered . . . to United's Members," which services Plaintiffs describe as "covered services"—*i.e.*, services covered under the terms of the members' benefit plans. (Compl. ¶¶ 36, 56.) Count I is thus completely preempted by ERISA. *See Rodriguez v. Health Options, Inc.*, 2003 U.S. Dist. LEXIS 28326, at *6-13 (S.D. Fla. Aug. 27, 2003) (holding that claims for violations of Section 641.513, Fla. Stat., that seek payment for services provided to beneficiaries of ERISA plans are preempted by ERISA); *Kendall Reg'l Radiology & Imaging Assocs., Inc. v. Neighborhood Health P'ship Inc.*, 2005 WL 8155184, at *6 (S.D. Fla. Sept. 22, 2005) (court denied motion to remand, granted motion to dismiss, and held that alleged breach of statutory duty was completely preempted by ERISA).

22. While acknowledging that they are non-participating providers and do not have contracts with the United Defendants, Plaintiffs' Count II nonetheless alleges that the United Defendants breached an implied-in-fact contract by reimbursing Plaintiffs for medical services rendered to members of health plans insured or administered by the United Defendants "at less than the fair value of the services provided." (Compl. ¶¶ 42-54.) Count II is thus completely preempted by ERISA because benefits determinations for non-participating providers are controlled by the terms of the members' health plans. *See Gables Ins. Recovery v. United Healthcare Ins. Co.*, 39 F. Supp. 3d 1377, 1390-91 (S.D. Fla. 2013) (holding that breach of implied contract claim was completely preempted because the court would need to "necessarily refer to the Plan in determining whether the facts, circumstances, and actions of the parties give rise to the alleged implied contract."); *La Ley Recovery Sys.-OB, Inc. v. United Healthcare Ins. Co.*, 2014 WL 7525703, at *4 (S.D. Fla. Dec. 12, 2014) (court denied motion to remand as claims, including

52708257;1

a breach of implied contract claim, were completely preempted because they were "based on interpreting the ERISA plan" and determining "the plan's coverage").

23. Count III asserts a quantum meruit claim against the United Defendants (Compl. ¶¶ 55-63); while Count IV asserts an unjust enrichment claim (*id.* ¶¶ 64-72). Both Counts III and IV are premised on Plaintiffs "provision of emergency services to United's Members." (*Id.* ¶¶ 56, 65.) Plaintiffs describe these services as "covered"—*i.e.*, services covered under the terms of the members' benefit plans. (*Id.* ¶¶ 56, 65.) Counts III and IV are thus completely preempted by ERISA, as an examination of, and reference to, the terms of the members' benefit plans is necessary to determine the proper reimbursement amount for each disputed claim. *See Torrent & Ramos, M.D., P.A. v. Neighborhood Health P'ships, Inc.*, 2004 WL 7320735, at *4 (S.D. Fla. July 1, 2004) (finding unjust enrichment claim preempted where parties did not have a contract and plaintiff could rely only on assignment of ERISA plan rights to assert a claim); *Lee Mem'l Health Sys. v. Blue Cross & Blue Shield of Fla., Inc.*, 248 F. Supp. 3d 1304, 1316 (M.D. Fla. 2017) (court held that unjust enrichment claim was preempted because it "calls upon the issue of coverage"); *Kendall Reg'l Radiology & Imaging Assocs., Inc. v. Neighborhood Health P'ship Inc.*, 2005 WL 8155184, at *6 (S.D. Fla. Sept. 22, 2005) (court denied motion to remand, granted motion to dismiss, and held that quantum meruit claim was completely preempted by ERISA).

24. Finally, Count V of the Complaint asserts a declaratory judgment claim against the United Defendants (Compl. ¶¶ 73-87) based solely on underpayment allegations. (*See, e.g.*, Compl. ¶ 75: "United has reimbursed Healthcare Providers for the emergency services they have rendered to United's Members at substantially less than Healthcare Providers' charges and the usual and customary provider charges for similar services in the community where Healthcare Providers rendered such services to United's Members."; *see id.* ¶ 77: "United has reimbursed

Healthcare Providers for the emergency services it has rendered to United's Members at substantially less than the fair value of Healthcare Providers' services."; *see id.* ¶ 82: seeking an "immediate determination of Healthcare Providers' *rights of* reimbursement.")  Count V is thus completely preempted by ERISA.  *Baker Cty. Med. Servs. Inc. v. Blue Cross & Blue Shield of Florida, Inc.*, 2019 WL 5104773, at * 5-6 (M.D. Fla. Sept. 19, 2019) (denying motion to remand and holding that declaratory judgment claim was completely preempted by ERISA); *Lee Mem'l Health Sys.*, 248 F. Supp. 3d at 1314-15 (declaratory relief and breach of contract claims completely preempted because they were "rooted in the issue of coverage").

25.    At its core, Plaintiffs' Complaint challenges *benefit determinations* based upon Plaintiffs' submission of reimbursement claims under various health plans insured or administered by the United Defendants.  Plaintiffs' attempt to cast their causes of action under state-law principles of state statutory violations, implied contract, quantum meruit, and unjust enrichment does not allow Plaintiffs to circumvent ERISA preemption: "[m]erely referring to labels affixed to claims to distinguish between preempted and non-preempted claims is not helpful because doing so would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA." *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Florida, Inc.*, 813 F.3d 1333, 1337 n.2 (11th Cir. 2015) (internal quotation and citation omitted).[8]

26.    The ERISA plans associated with each of the reimbursement claims at issue in the

---

[8] Recently, the court in *Sarasota County Public Hospital Board v. Blue Cross and Blue Shield of Florida, Inc*. denied a motion to remand on account of ERISA preemption because the complaint "appears to include coverage denials under ERISA-regulated plans," and noted that "even a dispute about a single coverage determination under an ERISA-regulated plan establishes complete preemption."  2019 WL 2567979, at *3 (M.D. Fla. June 21, 2019).  The court further held that "because several of the purported breach of contract claims challenge the defendants' coverage determinations, ERISA, and not an independent legal duty, controls these claims." *Id.* The same reasoning applies here.

Complaint must be examined in order to consider the merits of the claim adjudications that Plaintiffs contest. The plans establish their own standards for determining allowed amounts for out-of-network services.[9] (Stalinski Declaration ¶¶ 15-16.) As a consequence, regardless of how Plaintiffs label their causes of action, each count of the Complaint is necessarily preempted by ERISA.

## IV. SUPPLEMENTAL JURISDICTION

27. Based upon an initial review by the United Defendants, the majority of the benefit claims at issue in the Complaint are subject to complete preemption under ERISA. (Stalinski Declaration ¶¶ 11(a)-(h), 12.)[10] However, to the extent that federal question jurisdiction does not exist for all reimbursement claims contested by Plaintiffs, all of those claims should still remain in this Court under 28 U.S.C. § 1367(a) because Plaintiffs' claims "are so related . . . [that they] form part of the same case or controversy under Article III of the United States Constitution." *Ala. Dental Ass'n v. Blue Cross and Blue Shield of Ala., Inc.*, 2007 WL 25488 at *8 (M.D. Ala. Jan. 3, 2007).

28. In deciding whether a state-law claim is part of the same case or controversy as a federal issue, such that the court should exercise supplemental jurisdiction over the former, courts

---

[9] Because self-funded benefit plans are free from *any* state insurance regulation, their provisions constitute the sole source of payment obligations. *See FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990) (announcing that state insurance regulations "do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws.").

[10] The United Defendants have been unable to confirm that Plaintiff Emergency Services of Zephyrhills, P.A. ("ESZ") has submitted any claims for benefits under group policies issued or administered by either of the United Defendants during the relevant time period on UNET, United's primary database for commercial claims submitted by a provider. (Stalinski Declaration ¶¶ 8-10.) Plaintiffs allege that this lawsuit "arises only from claims involving United's commercial plans and products." (Compl. ¶ 5.) However, 100% of the claims that Plaintiff ESZ has submitted on UNET during that time period under group policies issued or administered by other United entities were made from ERISA plans. (Stalinski Declaration ¶ 11(h).)

13

look to whether the claims arise from the same facts or involve similar occurrences, witnesses or evidence. *Anesthesiology Assocs. of Tallahassee, Fla. P.A. v. Blue Cross and Blue Shield of Fla, Inc.*, 2005 WL 6717869 at *3 (11th Cir. Mar. 18, 2005) ("Both sets of [plaintiff's] claims are based on the plan participants' rights to reimbursement from BCBS for medical service expenses performed."). Here, Plaintiffs' claims all relate to the same common nucleus of facts because they all relate to whether, as Plaintiffs contend, they are entitled under benefit plans insured or administered by the United Defendants to reimbursement at 100% of their "billed charges," or whether the amount payable on the health benefit claims submitted by Plaintiffs should be payable as specified under "United's contracts with its Members." (*See, e.g.*, Compl. ¶¶ 1, 23, 25, 68.) Thus, the Court should exercise jurisdiction over the entire controversy. *See Current Wave Medical Sys., Inc. v. Cigna Corp.*, 2007 WL 5389120, at *3, n.1 (M.D. Fla. Aug. 3, 2007).

\*   \*   \*

29. The procedural requirements for removal in 28 U.S.C. § 1446 are all satisfied here.

30. Section (a) of that statute requires the removing party to file a notice of removal, signed in accordance with Federal Rule of Civil Procedure 11, "in the district court of the United States for the district and division within which such action is pending," which the United Defendants have done through this filing.

31. This Notice of Removal is being filed within 30 days of the service of the Complaint upon the United Defendants, pursuant to 28 U.S.C. § 1446(b).

32. This action is properly removed to this Court as it has original jurisdiction based on ERISA's complete preemption doctrine. It is removable without regard to the citizenship or residence of the parties.

33. True and correct copies of a separate Notice to State Court of Removal of Civil

Action will be served upon Plaintiffs' counsel and filed with the clerk of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, pursuant to 28 U.S.C. § 1446(d).

34. In filing this notice, the United Defendants do not waive any defense, argument, or principle of law or equity that may be available to them in this action, including, but not limited to, the right to seek dismissal of the Complaint, motions to compel arbitration, or both, as permitted by the Federal Rules of Civil Procedure or federal law.

35. Venue is proper in the Southern District of Florida, as the 17th Judicial Circuit in and for Broward County, Florida in which the State Court Action is pending is within its jurisdictional confines. *See* 29 U.S.C. § 1146(a).

WHEREFORE, the United Defendants respectfully give notice to this Court of the removal of this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida to this Court in accordance with the foregoing legal authorities. No previous application has been made for the relief prayed for in this Notice.

Dated:  April 13, 2020.

Respectfully submitted,

*/s/ Gera R. Peoples, Esq.*
**Gera R. Peoples, Esq.**
Florida Bar No. 450022
gera.peoples@akerman.com
**AKERMAN LLP**
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600

**Irene Bassel Frick, Esq.**
Florida Bar No. 0158739
irene.basselfrick@akerman.com
**AKERMAN LLP**
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone:  (813) 223-7333

**K. Lee Blalack II** (*pro hac vice forthcoming*)
**Kevin D. Feder** (*pro hac vice forthcoming*)
lblalack@omm.com
kfeder@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

**Amanda L. Genovese** (*pro hac vice forthcoming*)
agenovese@omm.com
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
(212) 326-2000

**Natasha S. Fedder** (*pro hac vice forthcoming*)
nfedder@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
(213) 430-6000

*Counsel for Defendant UnitedHealthcare of Florida, Inc. and UnitedHealthcare Insurance Co.*