# **<ins>EXHIBIT B</ins>**

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 20003898

FLORIDA EMERGENCY PHYSICIANS
KANG & ASSOCIATES, M.D., INC.;
INPHYNET CONTRACTING SERVICES, LLC;
INPHYNET SOUTH BROWARD, LLC;
PARAGON CONTRACTING SERVICES, LLC;
PARAGON EMERGENCY SERVICES, LLC;
SOUTHWEST FLORIDA EMERGENCY
MANAGEMENT, LLC EMERGENCY
SERVICES OF ZEPHYRHILLS, P.A

      Plaintiffs,

v.

UNITED HEALTHCARE OF FLORIDA, INC., and
UNITEDHEALTHCARE INSURANCE CO.

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the Complaint, Plaintiffs' First Request for Admissions to Defendants, Plaintiffs' Set of Interrogatories to Defendants and Plaintiffs' First Request for Production of Documents to Defendants in the above-styled cause upon the following Defendant:

**UnitedHealthcare of Florida, Inc.**
**c/o CT Corporation System**
**1200 S. Pine Island Road**
**Plantation, FL 33324**

The Defendant is required to serve written defenses to the Complaint on Plaintiffs' attorneys:

Alan D. Lash, Esq.
Justin C. Fineberg, Esq.
Michael L. Ehren, Esq.
Lash & Goldberg LLP
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
Telephone: 954-384-2500
Facsimile: 954-384-2510

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 20003898

FLORIDA EMERGENCY PHYSICIANS
KANG & ASSOCIATES, M.D., INC.;
INPHYNET CONTRACTING SERVICES, LLC;
INPHYNET SOUTH BROWARD, LLC;
PARAGON CONTRACTING SERVICES, LLC;
PARAGON EMERGENCY SERVICES, LLC;
SOUTHWEST FLORIDA EMERGENCY
MANAGEMENT, LLC EMERGENCY
SERVICES OF ZEPHYRHILLS, P.A

Plaintiffs,

v.

UNITED HEALTHCARE OF FLORIDA, INC., and
UNITEDHEALTHCARE INSURANCE CO.

Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint, Plaintiffs' First Request for Admissions to Defendants, Plaintiffs' First Set of Interrogatories to Defendants and Plaintiffs' First Request for Production of Documents to Defendants in the above-styled cause upon the following Defendant:

**UnitedHealthcare of Florida, Inc.**
**c/o CT Corporation System**
**1200 S. Pine Island Road**
**Plantation, FL 33324**

The Defendant is required to serve written defenses to the Complaint on Plaintiffs' attorneys:

Alan D. Lash, Esq.
Justin C. Fineberg, Esq.
Michael L. Ehren, Esq.
Lash & Goldberg LLP
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
Telephone: 954-384-2500
Facsimile: 954-384-2510

within 20 days after service of this Summons on the Defendant, exclusive of the day of service and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

**ALAN D. LASH**
Florida Bar No. 510904
alash@lashgoldberg.com
**JUSTIN C. FINEBERG**
Florida Bar No. 0053716
jfineberg@lashgoldberg.com
**MICHAEL L. EHREN**
Florida Bar No. 0043768
mehren@lashgoldberg.com
**LASH & GOLDBERG LLP**
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
Tel: 954-384-2500
Fax: 954-384-2510

DATED on this ___ day of _____, 2020.

(SEAL)

MAR 13 2020

CLERK OF THE CIRCUIT COURT
By:_____
Deputy Clerk

**BRENDA D. FORMAN**

2

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 20003898

FLORIDA EMERGENCY PHYSICIANS
KANG & ASSOCIATES, M.D., INC.;
INPHYNET CONTRACTING SERVICES, LLC;
INPHYNET SOUTH BROWARD, LLC;
PARAGON CONTRACTING SERVICES, LLC;
PARAGON EMERGENCY SERVICES, LLC;
SOUTHWEST FLORIDA EMERGENCY
MANAGEMENT, LLC EMERGENCY
SERVICES OF ZEPHYRHILLS, P.A

       Plaintiffs,

v.

UNITED HEALTHCARE OF FLORIDA, INC., and
UNITEDHEALTHCARE INSURANCE CO.

       Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the Complaint, Plaintiffs' First Request for Admissions to Defendants, Plaintiffs' First Set of Interrogatories to Defendants and Plaintiffs' First Request for Production of Documents to Defendants in the above-styled cause upon the following Defendant:

**UnitedHealthcare Insurance Company**
**c/o Chief Financial Officer**
**P.O. Box 6200 (32314-6200)**
**200 E. Gaines St.**
**Tallahassee, FL 32399-0000**

The Defendant is required to serve written defenses to the Complaint on Plaintiffs' attorneys:

Alan D. Lash, Esq.
Justin C. Fineberg, Esq.
Michael L. Ehren, Esq.
Lash & Goldberg LLP
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
Telephone: 954-384-2500
Facsimile: 954-384-2510

within 20 days after service of this Summons on the Defendant, exclusive of the day of service and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

**ALAN D. LASH**
Florida Bar No. 510904
alash@lashgoldberg.com
**JUSTIN C. FINEBERG**
Florida Bar No. 0053716
jfineberg@lashgoldberg.com
**MICHAEL L. EHREN**
Florida Bar No. 0043768
mehren@lashgoldberg.com
**LASH & GOLDBERG LLP**
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
Tel: 954-384-2500
Fax: 954-384-2510

DATED on this ___ day of _____, 2020.

(SEAL)

CLERK OF THE CIRCUIT COURT

By:_____
      Deputy Clerk

MAR 13 2020

**BRENDA D. FORMAN**

2

Filing # 104790767 E-Filed 03/12/2020 02:39:38 PM          Date: 3|13|20   Time: _____

MCN #111

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

*is a certified process server in the Circuit and County Courts in and for the Second Judicial Circuit*

**RUSH**

CASE NO.: CACE 20003898

FLORIDA EMERGENCY PHYSICIANS
KANG & ASSOCIATES, M.D., INC.;
INPHYNET CONTRACTING SERVICES, LLC;
INPHYNET SOUTH BROWARD, LLC;
PARAGON CONTRACTING SERVICES, LLC;
PARAGON EMERGENCY SERVICES, LLC;
SOUTHWEST FLORIDA EMERGENCY
MANAGEMENT, LLC EMERGENCY
SERVICES OF ZEPHYRHILLS, P.A

    Plaintiffs,

v.

UNITED HEALTHCARE OF FLORIDA, INC., and
UNITEDHEALTHCARE INSURANCE CO.

    Defendants.

_____/

### SUMMONS

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the Complaint, Plaintiffs' Request for Admissions to Defendants, Plaintiffs' First Set of Interrogatories to Defendants and Plaintiffs' First Request for Production of Documents to Defendants in the above-styled cause upon the following Defendant:

**UnitedHealthcare Insurance Company**
**c/o Chief Financial Officer**
**P.O. Box 6200 (32314-6200)**
**200 E. Gaines St.**
**Tallahassee, FL 32399-0000**

The Defendant is required to serve written defenses to the Complaint on Plaintiffs' attorneys:

Alan D. Lash, Esq.
Justin C. Fineberg, Esq.
Michael L. Ehren, Esq.
Lash & Goldberg LLP
Weston Corporate Center 1
2500 Weston Road, Suite 220
Weston, FL 33331
Telephone: 954-384-2500
Facsimile: 954-384-2510

RECEIVED AS STATUTORY REGISTERED AGENT on 13 March, 2020 and served on defendant or named party on 17 March, 2020 by the Florida Department of Financial Services

CASE NO.: CACE 20003898

within 20 days after service of this Summons on the Defendant, exclusive of the day of service and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If the Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint.

**ALAN D. LASH**
Florida Bar No. 510904
alash@lashgoldberg.com
**JUSTIN C. FINEBERG**
Florida Bar No. 0053716
jfineberg@lashgoldberg.com
**MICHAEL L. EHREN**
Florida Bar No. 0043768
mehren@lashgoldberg.com
**LASH & GOLDBERG LLP**
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
Tel: 954-384-2500
Fax: 954-384-2510

DATED on this ___ day of _____, 2020.

(SEAL)

MAR 13 2020

CLERK OF THE CIRCUIT COURT

By:_____
Deputy Clerk

BRENDA D. FORMAN

2

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

---

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE SEVENTEETH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Plaintiff      Florida Emergency Physicians Kang          Case #: _____

& Associates, M.D., Inc., et al.                Judge: _____

vs.

Defendant   United Healthcare of Florida, Inc., and

UnitedHealthcare Insurance Co.

**II.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability—commercial
   ☐ Premises liability—residential
☐ Products liability
☐ Real property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more

☐ Homestead residential foreclosure $0 - $50,000
☐ Homestead residential foreclosure $50,001 - $249,999
☐ Homestead residential foreclosure $250,000 or more
☐ Nonhomestead residential foreclosure
   $0 - $50,000
☐ Nonhomestead residential foreclosure
   $50,001 - $249,999
☐ Nonhomestead residential foreclosure
   $250,000 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more
☐ Professional malpractice
   ☐ Malpractice—business
   ☐ Malpractice—medical
   ☐ Malpractice—other professional
☑ Other
   ☐ Antitrust/Trade regulation
   ☑ Business transactions
   ☐ Constitutional challenge—statute or ordinance

□ Constitutional challenge—proposed amendment     □ Libel/Slander
□ Corporate trusts     □ Shareholder derivative action
□ Discrimination—employment or other     □ Securities litigation
□ Insurance claims     □ Trade secrets
□ Intellectual property     □ Trust litigation

**III.   REMEDIES SOUGHT** (check all that apply): □
☑ monetary;
☑ nonmonetary declaratory or injunctive relief; □ punitive

**IV.   NUMBER OF CAUSES OF ACTION:** [5  ]
(specify) I-Violation of Fla.Stat. § 641.513; II - Breach of Contract Implied-in-Fact; III - Quantum Meruit; IV - Unjust Enrichment
V - Declaratory Judgment

**V.   IS THIS CASE A CLASS ACTION LAWSUIT?**
□ yes
☑ no

**VI.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☑ no
□ yes If "yes," list all related cases by name, case number, and court.

_____
_____
_____

**VII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☑ yes
□ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature  _/s/ Michael L. Ehren_____     Fla. Bar # 0043768_____
     Attorney or party                     (Bar # if attorney

Michael L. Ehren_____     March 3, 2020_____
(type or print name)                   Date

**FORM 1.997.   INSTRUCTIONS FOR
ATTORNEYS COMPLETING
CIVIL COVER SHEET**

Plaintiff must file this cover sheet with first paperwork filed in the action or proceeding (except small claims cases or other county court cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I.      Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II.     Type of Case.** Place an "X" in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" in the category and subcategory boxes. Definitions of the cases are provided below in the order they appear on the form.

(A)      Condominium - all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.
(B)      Contracts and indebtedness - all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.
(C)      Eminent domain - all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.
(D)      Auto negligence - all matters arising out of a party's allegedly negligent operation of a motor vehicle.
(E)      Negligence—other - all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.
(F)      Business governance - all matters relating to the management, administration, or control of a company.
(G)      Business torts - all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

(H)      Environmental/Toxic tort - all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.
(I)       Third party indemnification - all matters relating to liability transferred to a third party in a financial relationship.
(J)       Construction defect - all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.
(K)      Mass tort - all matters relating to a civil action involving numerous plaintiffs against one or more defendants.
(L)      Negligent security - all matters involving injury to a person or property allegedly resulting from insufficient security.
(M)     Nursing home negligence - all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.
(N)      Premises liability—commercial - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.
(O)      Premises liability—residential - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.
(P)      Products liability - all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
(Q)      Real property/Mortgage foreclosure - all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units.
(R) Commercial foreclosure - all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).
(S) Homestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(T)      Nonhomestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(U)      Other real property actions - all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(V)      Professional malpractice - all professional malpractice lawsuits.

(W)      Malpractice—business - all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.

(X)      Malpractice—medical - all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.

(Y)      Malpractice—other professional - all matters relating to negligence of those other than medical or business professionals.

(Z)      Other - all civil matters not included in other categories.

(AA)     Antitrust/Trade regulation - all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.

(AB)     Business transactions - all matters relating to actions that affect financial or economic interests.

(AC)     Constitutional challenge—statute or ordinance - a challenge to a statute or ordinance, citing a violation of the Florida Constitution.

(AD)     Constitutional challenge—proposed amendment - a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.

(AE) Corporate trusts - all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.

(AF) Discrimination—employment or other - all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.

(AG)     Insurance claims - all matters relating to claims filed with an insurance company.

(AH)     Intellectual property - all matters relating to intangible rights protecting commercially valuable products of the human intellect.

(AI)     Libel/Slander - all matters relating to written, visual, oral, or aural defamation of character.

(AJ)     Shareholder derivative action - all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.

(AK)     Securities litigation - all matters relating to the financial interest or instruments of a company or corporation.

(AL)     Trade secrets - all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.

(AM)     Trust litigation - all civil matters involving guardianships, estates, or trusts not appropriately filed in probate proceedings.

---

**III.      Remedies Sought.** Place an "X" in the appropriate box. If more than one remedy is sought in the complaint or petition, check all that apply.

**IV.      Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.

**V.       Class Action.** Place an "X" in the appropriate box.

**VI.      Related Cases.** Place an "X" in the appropriate box.

**VII.     Is Jury Trial Demanded In Complaint?**
Check the appropriate box to indicate whether a jury trial is being demanded in the complaint

ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet.

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

___

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE SEVENTEETH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Plaintiff    Florida Emergency Physicians Kang

& Associates, M.D., Inc., et al.

Case #: _____

Judge: _____

vs.

Defendant    United Healthcare of Florida, Inc., and

UnitedHealthcare Insurance Co.

**II.    TYPE OF CASE**    (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real property/Mortgage foreclosure
    ☐ Commercial foreclosure $0 - $50,000
    ☐ Commercial foreclosure $50,001 - $249,999
    ☐ Commercial foreclosure $250,000 or more

☐ Homestead residential foreclosure $0 - $50,000
☐ Homestead residential foreclosure $50,001 - $249,999
☐ Homestead residential foreclosure $250,000 or more
☐ Nonhomestead residential foreclosure
    $0 - $50,000
☐ Nonhomestead residential foreclosure
    $50,001 - $249,999
☐ Nonhomestead residential foreclosure
    $250,000 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more
☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☑ Other
    ☐ Antitrust/Trade regulation
    ☑ Business transactions
    ☐ Constitutional challenge—statute or ordinance

☐ Constitutional challenge—proposed amendment     ☐ Libel/Slander
☐ Corporate trusts     ☐ Shareholder derivative action
☐ Discrimination—employment or other     ☐ Securities litigation
☐ Insurance claims     ☐ Trade secrets
☐ Intellectual property     ☐ Trust litigation

**III.**    **REMEDIES SOUGHT** (check all that apply): ☐
     ☑monetary;
     ☑ nonmonetary declaratory or injunctive relief; ☐
     punitive

**IV.**    **NUMBER OF CAUSES OF ACTION:** [5  ]
     (specify) I-Violation of Fla.Stat. § 641.513; II - Breach of Contract Implied-in-Fact; III - Quantum Meruit; IV - Unjust Enrichment
     V - Declaratory Judgment

**V.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐ yes
     ☑ no

**VI.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☑ no
     ☐ yes If "yes," list all related cases by name, case number, and court.

     _____
     _____
     _____

**VII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☑ yes
     ☐ no

_____

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature   _/s/ Michael L. Ehren_____          Fla. Bar # 0043768_____
        Attorney or party                               (Bar # if attorney

  Michael L. Ehren_____             March 3, 2020_____
(type or print name)                                   Date

**FORM 1.997.    INSTRUCTIONS FOR**
**ATTORNEYS COMPLETING**
**CIVIL COVER SHEET**

Plaintiff must file this cover sheet with first paperwork filed in the action or proceeding (except small claims cases or other county court cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I.      Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II.     Type of Case.** Place an "X" in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an "X" in the category and subcategory boxes. Definitions of the cases are provided below in the order they appear on the form.

(A)     Condominium - all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.
(B)     Contracts and indebtedness - all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.
(C)     Eminent domain - all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.
(D)     Auto negligence - all matters arising out of a party's allegedly negligent operation of a motor vehicle.
(E)     Negligence—other - all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.
(F)     Business governance - all matters relating to the management, administration, or control of a company.
(G)     Business torts - all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

(H)     Environmental/Toxic tort - all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.
(I)     Third party indemnification - all matters relating to liability transferred to a third party in a financial relationship.
(J)     Construction defect - all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.
(K)     Mass tort - all matters relating to a civil action involving numerous plaintiffs against one or more defendants.
(L)     Negligent security - all matters involving injury to a person or property allegedly resulting from insufficient security.
(M)     Nursing home negligence - all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.
(N)     Premises liability—commercial - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.
(O)     Premises liability—residential - all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.
(P)     Products liability - all matters involving injury to a person or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
(Q)     Real property/Mortgage foreclosure - all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units.
(R) Commercial foreclosure - all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).
(S) Homestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(T)     Nonhomestead residential foreclosure - all matters relating to the termination of a residential property owner's interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(U)     Other real property actions - all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).

(V)     Professional malpractice - all professional malpractice lawsuits.

(W)     Malpractice—business - all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.

(X)     Malpractice—medical - all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.

(Y)     Malpractice—other professional - all matters relating to negligence of those other than medical or business professionals.

(Z)     Other - all civil matters not included in other categories.

(AA)    Antitrust/Trade regulation - all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.

(AB)    Business transactions - all matters relating to actions that affect financial or economic interests.

(AC)    Constitutional challenge—statute or ordinance - a challenge to a statute or ordinance, citing a violation of the Florida Constitution.

(AD)    Constitutional challenge—proposed amendment - a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.

(AE) Corporate trusts - all matters relating to the business activities of financial services companies or banks acting in a fiduciary capacity for investors.

(AF) Discrimination—employment or other - all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.

(AG)    Insurance claims - all matters relating to claims filed with an insurance company.

(AH)    Intellectual property - all matters relating to intangible rights protecting commercially valuable products of the human intellect.

(AI)    Libel/Slander - all matters relating to written, visual, oral, or aural defamation of character.

(AJ)    Shareholder derivative action - all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.

(AK)    Securities litigation - all matters relating to the financial interest or instruments of a company or corporation.

(AL)    Trade secrets - all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.

(AM)    Trust litigation - all civil matters involving guardianships, estates, or trusts not appropriately filed in probate proceedings.

_____

**III.     Remedies Sought.** Place an "X" in the appropriate box. If more than one remedy is sought in the complaint or petition, check all that apply.

**IV.     Number of Causes of Action.** If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.

**V.     Class Action.** Place an "X" in the appropriate box.

**VI.     Related Cases.** Place an "X" in the appropriate box.

**VII.     Is Jury Trial Demanded In Complaint?**
Check the appropriate box to indicate whether a jury trial is being demanded in the complaint

ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet.

IN THE CIRCUIT COURT FOR THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

FLORIDA     EMERGENCY     PHYSICIANS
KANG  &  ASSOCIATES, M.D., INC.;
INPHYNET CONTRACTING SERVICES, LLC;
INPHYNET SOUTH BROWARD, LLC;
PARAGON CONTRACTING SERVICES, LLC;
PARAGON EMERGENCY SERVICES, LLC;
SOUTHWEST    FLORIDA    EMERGENCY
MANAGEMENT,    LLC    EMERGENCY
SERVICES OF ZEPHYRHILLS, P.A

     Plaintiffs,

v.

UNITED HEALTHCARE OF FLORIDA, INC., and
UNITEDHEALTHCARE INSURANCE CO.

     Defendant.

_____/

## COMPLAINT

Plaintiffs, Florida Emergency Physicians Kang & Associates, M.D., Inc. ("FEP");

InPhyNet Contracting Services, LLC ("ICS"); InPhyNet South Broward, LLC ("ISB"); Paragon

Contracting Services, LLC ("PCS"); Paragon Emergency Services, LLC ("PES"); Southwest

Florida Emergency Management, LLC ("SFEM"); and Emergency Services of Zephyrhills, P.A.

("ESZ") (collectively, "Healthcare Providers"), by and through undersigned counsel, hereby sue

Defendants United Healthcare of Florida, Inc. and UnitedHealthcare Insurance Co. ("United" or

Defendants"), and allege as follows:

## INTRODUCTION

1.     This lawsuit arises from United's failure to correctly pay Healthcare Providers for

medically necessary emergency health care services provided in certain hospitals throughout the

Lash&Goldberg LLP    MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
    FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
LASHGOLDBERG.COM    TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

state of Florida. At all times material to this action, Healthcare Providers have not been participating providers within United's provider network. Healthcare Providers' reimbursement claims at issue in this action are all non-participating commercial claims (including, without limitation, for Affordable Care Act Exchange products) paid by United at rates below Healthcare Providers' billed charges and the usual and customary provider charges for similar services in the community in which they were rendered. The claims at issue in this Complaint collectively are referred to as the "Claims."

2.    By filing this lawsuit, Healthcare Providers seek the recovery of the amount underpaid for the Claims, plus interest thereon at a rate of 12% per annum under Florida's prompt pay statute, Section 641.3155(6), Florida Statutes.

3.    In addition to their damages, Healthcare Providers also request an order from the Court declaring the rate at which Florida law requires United to pay Healthcare Providers for their emergency services, and a mandatory injunction or declaration compelling United to pay Healthcare Providers at such rates for the out-of-network emergency services Healthcare Providers render to United's insured members ("Members") in the future.

4.    This lawsuit and the claims asserted herein do not relate to or involve Healthcare Providers' right to payment, but rather the applicable rate of payment Healthcare Providers are entitled to receive for their services. This action does not include any claims in which benefits were denied nor does it challenge any coverage determinations under any health plan that may be subject to the Employee Retirement Income Security Act of 1974.

5.    This lawsuit further does not include any government-sponsored products, such as such as Medicare Advantage and managed Medicaid. Those products are not at issue in this litigation, which arises only from claims involving United's commercial plans and products.

2

Lash&GoldbergLLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Without limitation, Healthcare Providers specifically exclude from this lawsuit any service provided to patients 65 years of age or older as of the date services were rendered.

## PARTIES

6.      Healthcare Provider FEP is a professional emergency medicine group practice which staffs emergency departments and provides emergency services at hospitals in Florida. Healthcare Provider FEP has not been a participating provider within United's provider network since January 15, 2020.

7.      Healthcare Provider ICS is a professional emergency medicine group practice which staffs emergency departments and provides emergency services at hospitals in Florida. Healthcare Provider ICS has not been a participating provider within United's provider network since October 15, 2019.

8.      Healthcare Provider ISB is a professional emergency medicine group practice which staffs emergency departments and provides emergency services at hospitals in Florida. Healthcare Provider ISB has not been a participating provider within United's provider network since October 15, 2019.

9.      Healthcare Provider PCS is a professional emergency medicine group practice which staffs emergency departments and provides emergency services at hospitals in Florida. Healthcare Provider PCS has not been a participating provider within United's provider network since January 15, 2020.

10.     Healthcare Provider PES is a professional emergency medicine group practice which staffs emergency departments and provides emergency services at hospitals in Florida. Healthcare Provider PES has not been a participating provider within United's provider network since October 15, 2019.

3

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 · Miami, Florida 33131-2158 · 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 · Weston, Florida 33331-3615 · 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 · Tampa, FL 33606-2315 · 813-284-4002 tel

11.     Healthcare Provider SFEM is a professional emergency medicine group practice which staffs emergency departments and provides emergency services at hospitals in Florida. Healthcare Provider SFEM has not been a participating provider within United's provider network since January 15, 2020.

12.     Healthcare Provider ESZ is a professional emergency medicine group practice which staffs emergency departments and provides emergency services at hospitals in Florida. Healthcare Provider ESZ has not been a participating provider within United's provider network since January 15, 2020.

13.     Upon information and belief, Defendant UnitedHealthcare of Florida, Inc. ("United HMO") is a Florida for-profit corporation with its principal place of business in Hillsborough County, Florida. United HMO operates under a certificate of authority issued by the Florida Office of Insurance Regulation as a health maintenance organization ("HMO") in Florida under Fla. Stat. § 641.17, et seq.

14.     Upon information and belief, Defendant UnitedHealthcare Insurance Company ("United PPO") is a foreign for-profit corporation with its principal place of business in Hartford, Connecticut. As a preferred provider organization, United PPO operates under a certificate of authority issued by the Florida Office of Insurance Regulation as a life and health insurer in Florida under Fla. Stat. § 624.01, et seq.

15.     Upon information and belief, Defendants United PPO and United HMO are affiliated corporate entities and have made centralized decisions regarding the payment of the claims at issue herein. Thus, this action involves common issues of law and fact such that joinder of the claims against United PPO and United HMO in this action will further judicial efficiency and economy and will tend to avoid unnecessary costs or delay.

Lash&GoldbergLLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

## JURISDICTION AND VENUE

16.     This Court has jurisdiction pursuant to Fla. Stat. § 26.012(2) because this dispute involves an amount in controversy in excess of $15,000.

17.     United is a Florida corporation which is engaged in substantial activity within Florida and maintains offices in Florida.

18.     Pursuant to Fla. Stat. § 47.051, venue is proper in Broward County, Florida because Healthcare Providers' causes of action against United accrued in Broward County as, without limitation, Healthcare Providers' Claims at issue were generated and issued to United in Broward County, United's payments for the Claims were due in Broward County, and United's improper payments on the Claims were made to/received by Healthcare Providers in Broward County. United's conduct giving rise to this suit thus occurred in Broward County. Moreover, this case should be assigned to the Complex Business Division because of the nature of the case, the complexity of discovery, the number of parties, and because the amount in controversy exceeds $150,000 and involves the same of services by or to business entities.

## FACTS

### *Healthcare Providers Are Out-of-Network Providers*

19.     At all times material hereto, Healthcare Providers have not been participating providers with United.

20.     All of the Claims at issue in this action are for reimbursement for services Healthcare Providers provided at times when they were not participating providers with United.

21.     Consequently, at all times material to this action, Healthcare Providers have not been parties to a contract with United that governs the reimbursement, or any other aspect, of the services provided by Healthcare Providers to United's Members. Healthcare Providers were thus

5

Lash&Goldberg LLP
LASHGOLDBERG.COM
MIAMI 100 Southeast 2nd Street, Suite 1200 · Miami, Florida 33131-2158 · 305 347 4040 tel 305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 · Weston, Florida 33331-3615 · 954 384 2500 tel 954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 · Tampa, FL 33606-2315 · 813-284-4002 tel

"out-of-network" providers with United when Healthcare Providers rendered the services underlying the Claims at issue in this action.

22.     Despite their out-of-network status, Healthcare Providers have provided medically necessary, covered services to United's Members.

23.     At all times material to this action, Healthcare Providers have not agreed to accept any form of discounted rate from United or to be bound by United's payment policies or rate schedules with respect to any of the health care services provided by Healthcare Providers to United's Members. Notwithstanding the absence of any such agreement, at all times material, United has unilaterally applied an unlawful discount to its payments to Healthcare Providers for Healthcare Providers' emergency services.

24.     At all times material to this action, United has paid for the emergency services Healthcare Providers have rendered to United's Members, but at rates less than Healthcare Providers are entitled to receive by law. United has made unlawful discounted payments to Healthcare Providers for the emergency services Healthcare Providers have rendered to United's Members, and the unlawfully underpaid Claims continue to accrue.

25.     Even though Healthcare Providers are out-of-network providers, and therefore have not agreed to accept discounted reimbursement rates from United, United has reimbursed Healthcare Providers for the services Healthcare Providers rendered to United's Members at issue in this litigation at discounted rates that are substantially less than the rate Healthcare Providers have previously received and accepted from United for the same services.

*United's Failure to Reimburse Healthcare Providers in Accordance with Florida Law*

26.     Section 641.513(5), Florida Statutes, which is part of Florida's HMO Act, provides that reimbursement for emergency services by providers such as Healthcare Providers "who do[] not have a contract with the [HMO] shall be the lesser of: (a) The provider's charges; (b) The usual

6

MIAMI 100 Southeast 2nd Street, Suite 1200 · Miami, Florida 33131-2158 · 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 · Weston, Florida 33331-3615 · 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 · Tampa, FL 33606-2315 · 813-284-4002 tel

and customary provider charges for similar services in the community where the services were provided; or (c) The charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim."

27.     Healthcare Providers have not reached agreement with United regarding any charges within sixty (60) days of the submittal of the Claims at issue in this action.

28.     For the Claims at issue in this action, United has underpaid Healthcare Providers by reimbursing Healthcare Providers substantially less than Healthcare Providers' charges and the "usual and customary provider charges for similar services in the community where the services were provided."

29.     United's refusal to lawfully pay Healthcare Providers for the emergency services Healthcare Providers have provided to United's Members has caused, and continues to cause, Healthcare Providers to suffer damages, which are ongoing in nature.

30.     Healthcare Providers are entitled to interest on the amounts overdue on the underpaid Claims.

31.     As a result of United's violations of Florida law, Healthcare Providers have suffered damages.

32.     All conditions precedent to the institution and maintenance of this action have been performed, waived, or otherwise satisfied.

### COUNT I – Violation of Florida Statute § 641.513

33.     Healthcare Providers incorporate herein the allegations of paragraphs 1-32 above.

34.     At all times material, Healthcare Providers and United have not had a written contract between them governing the rates at which United must reimburse Healthcare Providers for emergency services provided to United's Members.

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 · Miami, Florida 33131-2158 · 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 · Weston, Florida 33331-3615 · 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 · Tampa, FL 33606-2315 · 813-284-4002 tel

35.     At all times material, Healthcare Providers have not been a participating provider in United's provider network; therefore, Healthcare Providers have been out-of-network providers.

36.     At all times material, Healthcare Providers have rendered emergency services to United's Members. All such services have been medically necessary, covered services.

37.     Section 641.513(5), Florida Statutes, provides that all HMOs, such as United, must reimburse non-participating providers for emergency services in an amount equal to the lesser of the provider's charges, the "usual and customary provider charges for similar services in the community where the services were provided," or "[t]he charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim."

38.     Healthcare Providers have not reached agreement with United regarding any charges within sixty (60) days of the submittal of the claims at issue in this action. Therefore, under Florida law, Healthcare Providers are entitled to reimbursement at the lesser of their charges or (if hypothetically different) the "usual and customary provider charges for similar services in the community where the services were provided."

39.     United has reimbursed Healthcare Providers for the emergency services they have rendered to United's Members at all times material at substantially less than Healthcare Providers' charges.

40.     United has reimbursed Healthcare Providers for the emergency services they have rendered to United's Members at all times material at substantially less than the usual and customary provider charges for similar services in the community where Healthcare Providers rendered such services to United's Members.

41.     Accordingly, United has failed to reimburse Healthcare Providers for the emergency services Healthcare Providers rendered to United's Members in accordance with Fla. Stat. § 641.513(5). United has therefore violated Fla. Stat. § 641.513(5).

8

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

## COUNT II – Breach of Contract Implied-in-Fact

42.     Healthcare Providers incorporate herein the allegations of paragraphs 1-32 above.

43.     In addition, and/or in the alternative, at all times material to this Complaint, Healthcare Providers and United have not had a written contract between them governing the rates at which United must reimburse Healthcare Providers for their emergency services.

44.     At all times material, Healthcare Providers have not been a participating provider in United's provider network; Healthcare Providers have been out-of-network providers at all times material.

45.     United knew that Healthcare Providers would provide emergency services to United's Members at all medical facilities at which Healthcare Providers' professionals are staffed to provide emergency care and would provide such care to United's Members without seeking or obtaining prior authorization, as prior authorization is not required in connection with the provision of emergency services.

46.     Healthcare Providers have rendered emergency services to United's Members.

47.     United has been aware that Healthcare Providers were entitled to and expected to be paid the fair value of the emergency services they rendered to United's Members.

48.     Healthcare Providers understood that United intended to reimburse Healthcare Providers the fair value of the emergency services Healthcare Providers rendered to United's Members in accordance with applicable law.

49.     Healthcare Providers understood that United intended to reimburse Healthcare Providers in accordance with applicable law.

50.     United has acknowledged its responsibility for payment of Healthcare Providers' emergency services rendered to United's Members by regularly and consistently paying

9

Lash&Goldberg$_{LLP}$
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

Healthcare Providers for such services, although at rates lower than what Healthcare Providers are owed under applicable law.

51.     United has further acknowledged its responsibility for payment of the Claims at issue in this action, as all such Claims have been processed and adjudicated by United and determined by United to be covered services.

52.     With respect to each of the Claims at issue in this action, Healthcare Providers and United have established a contract implied-in-fact pursuant to which United must reimburse Healthcare Providers no less than the fair value of the services provided.

53.     United has breached its implied-in-fact contract with Healthcare Providers by reimbursing Healthcare Providers for the Claims at issue at less than the fair value of the services provided.

54.     United's breach of its implied-in-fact contract with Healthcare Providers has caused Healthcare Providers damage in an amount to be determined at trial equal to the difference between the fair value of the services provided by Healthcare Providers and the amounts paid by United to Healthcare Providers for the emergency services Healthcare Providers' professionals have rendered to United's Members.

## COUNT III – Quantum Meruit

55.     Healthcare Providers incorporate herein the allegations of paragraphs 1-32 above.

56.     In addition, and/or in the alternative, at all times material, Healthcare Providers have conferred a direct benefit upon United by providing valuable emergency services to United's Members. In exchange for premiums, United owes United's Members an obligation to pay for the covered medical services they receive. United derives a direct benefit from Healthcare Providers' provision of emergency services to United's Members because it is through Healthcare Providers' provision of those services that United fulfills its obligations to its Members.

10

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 · Miami, Florida 33131-2158 · 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 · Weston, Florida 33331-3615 · 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 · Tampa, FL 33606-2315 · 813-284-4002 tel

57.     There is no dispute that the emergency services at issue that Healthcare Providers provided to United's Members were covered services, because United adjudicated them, determined they were covered services, and paid Healthcare Providers for them, except at an amount less than the fair value of the services.  When Healthcare Providers provide covered emergency services to United's Members, United receives the benefit of having its contractual obligations to its Members discharged.

58.     United has knowledge of the benefits Healthcare Providers conferred on United by providing emergency services to United's Members because, *inter alia,* United received, processed, and adjudicated Healthcare Providers' Claims for such services and determined that they were covered services under United's contracts with its Members.

59.     United has voluntarily accepted and retained the benefits Healthcare Providers conferred on United by providing emergency services to United's Members because, *inter alia,* United adjudicated Healthcare Providers' Claims for such services and determined that they were covered services under United's contracts with its Members.

60.     United voluntarily accepted, retained and enjoyed, and continues to accept, retain, and enjoy, the benefits conferred upon it by Healthcare Providers, knowing that Healthcare Providers expected and expect to be paid the fair value for their services.  However, United has failed to reimburse Healthcare Providers the fair value of the services Healthcare Providers have rendered to United's Members at all times material.

61.     Under the present circumstances, it would be inequitable for United to fail to reimburse Healthcare Providers the fair value of the emergency services they rendered to United's Members, while retaining the benefits Healthcare Providers conferred upon United

62.     Accordingly, United is liable in *quantum meruit* to Healthcare Providers for failing to reimburse Healthcare Providers the fair value of the services Healthcare Providers rendered to

11

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 · Miami, Florida 33131-2158 · 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 · Weston, Florida 33331-3615 · 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 · Tampa, FL 33606-2315 · 813-284-4002 tel

United's Members and owes as damages the difference between the fair value of the services Healthcare Providers rendered to United's Members and the amounts United has paid for those services.

63. United is therefore liable in *quantum meruit* to Healthcare Providers for failing to reimburse Healthcare Providers the fair value of the services Healthcare Providers rendered to United's Members with respect to each of the Claims. United owes as damages the difference between the fair value of the services Healthcare Providers rendered to United's Members and the amounts United paid for those services.

## COUNT IV – Unjust Enrichment

64. Healthcare Providers incorporate herein the allegations of paragraphs 1-32 above.

65. In addition, and/or in the alternative, at all times material, Healthcare Providers have conferred a direct benefit upon United by providing valuable emergency services to United's Members. In exchange for premiums, United owes United's Members an obligation to pay for the covered medical services they receive. United derives a direct benefit from Healthcare Providers' provision of emergency services to United's Members because it is through Healthcare Providers' provision of those services that United fulfills its obligations to its Members.

66. There is no dispute that the emergency services at issue that Healthcare Providers provided to United's Members were covered services, because United adjudicated them, determined they were covered services, and paid Healthcare Providers for them, except at an amount less than the fair value of the services. When Healthcare Providers provide covered emergency services to United's Members, United receives the benefit of having its contractual obligations to its Members discharged.

67. United has knowledge of the benefits Healthcare Providers conferred on United by providing emergency services to United's Members because, *inter alia*, United received,

12

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel 305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel 954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

processed, and adjudicated Healthcare Providers' Claims for such services and determined that they were covered services under United's contracts with its Members.

68.     United has voluntarily accepted and retained the benefits Healthcare Providers conferred on United by providing emergency services to United's Members because, *inter alia*, United adjudicated Healthcare Providers' Claims for such services and determined that they were covered services under United's contracts with its Members.

69.     United voluntarily accepted, retained and enjoyed, and continues to accept, retain, and enjoy, the benefits conferred upon it by Healthcare Providers, knowing that Healthcare Providers expected and expect to be paid the fair value for their services in accordance with Florida law. However, United has failed to reimburse Healthcare Providers the fair value of the services Healthcare Providers have rendered to United's Members at all times material to this Complaint.

70.     Under the present circumstances, it would be inequitable for United to fail to reimburse Healthcare Providers the fair value of the emergency services they rendered to United's Members, while retaining the benefits Healthcare Providers conferred upon United

71.     Accordingly, United has been unjustly enriched by failing to reimburse Healthcare Providers at the fair value of the services Healthcare Providers rendered to United's Members and owes as damages the difference between the fair value of the services Healthcare Providers rendered to United's Members and the amounts United has paid for those services.

72.     United has therefore been unjustly enriched by failing to reimburse Healthcare Providers the fair value of the services Healthcare Providers rendered to United's Members. United owes as damages the difference between the fair value of the services Healthcare Providers rendered to United's Members and the amounts United paid for those services.

## COUNT V – Declaratory Judgment

73.     Healthcare Providers incorporate herein the allegations of paragraphs 1-32 above.

13

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

74.     At all times material, Healthcare Providers have been out-of-network providers when they rendered emergency services to United's Members.

75.     At all times material, United has reimbursed Healthcare Providers for the emergency services they have rendered to United's Members at substantially less than Healthcare Providers' charges and the usual and customary provider charges for similar services in the community where Healthcare Providers rendered such services to United's Members. Accordingly, United has failed to reimburse Healthcare Providers for the emergency services Healthcare Providers rendered to United's Members in accordance with Section 641.513(5), Florida Statutes. United has therefore violated Section 641.513(5).

76.     United continues to reimburse Healthcare Providers for emergency services rendered to United's Members at substantially less than Healthcare Providers' charges and the usual and customary provider charges for similar services in the community where Healthcare Providers rendered such services to United's Members. United has indicated that it intends to continue to reimburse Healthcare Providers for emergency services in such an unlawful manner.

77.     United has reimbursed Healthcare Providers for the emergency services it has rendered to United's Members at substantially less than the fair value of Healthcare Providers' services.

78.     United continues to reimburse Healthcare Providers for the emergency services they render to United's Members at substantially less than the fair value of Healthcare Providers' services.

79.     Healthcare Providers and United intend for Healthcare Providers to continue to provide emergency services to United's Members as out-of-network providers.

80.     Based on the foregoing allegations, real and substantial justiciable controversies exist between United and Healthcare Providers concerning whether the rates at which United

14

Lash&Goldberg⊔ₗₚ
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 · Miami, Florida 33131-2158 · 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 · Weston, Florida 33331-3615 · 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 · Tampa, FL 33606-2315 · 813-284-4002 tel

reimburses Healthcare Providers for emergency services rendered to United's Members violate Section 641.513(5), Florida Statutes.

81.     Based on the foregoing allegations, real and substantial justiciable controversies exist between United and Healthcare Providers concerning the rates of reimbursement to which Healthcare Providers are entitled as out-of-network providers of emergency services to United's Members under the Florida common law doctrines of breach of implied-in-fact contract, *quantum meruit* and unjust enrichment.

82.     These are actual, definite, concrete and substantial controversies that require an immediate determination of Healthcare Providers' rights of reimbursement and whether the rates of reimbursement that United has paid to Healthcare Providers comply with Florida law.

83.     Declaratory relief is appropriate here because such judgment will serve a useful purpose in clarifying and settling the rates of reimbursement to which Healthcare Providers are entitled from United for the emergency services Healthcare Providers render to United's Members for so long as Healthcare Providers remain out-of-network providers.

84.     There is a bona fide, actual, present practical need for a declaration. Declaratory relief will terminate and afford relief from uncertainty, insecurity, and controversy concerning the rates at which United must reimburse Healthcare Providers for the emergency services Healthcare Providers continue to render to United's Members as an out-of-network provider.

85.     All antagonistic and adverse interests relating to the declaration sought herein are parties to this action.

86.     The relief sought is not merely to seek legal advice of the Court nor do Healthcare Providers seek answers to questions propounded from mere curiosity.

87.     Healthcare Providers are consequently entitled to a declaration of their rights pursuant to Section 86.021, Florida Statutes.

15

Lash&Goldberg$_{LLP}$
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 · Miami, Florida 33131-2158 · 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 · Weston, Florida 33331-3615 · 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 · Tampa, FL 33606-2315 · 813-284-4002 tel

## PRAYER FOR RELIEF

WHEREFORE, Healthcare Providers pray that this Court:

(i) enter judgment against United and in Healthcare Providers' favor, awarding Healthcare Providers compensatory damages for the emergency services Healthcare Providers have rendered to United's Members through the date of judgment;

(ii) award Healthcare Providers prejudgment and postjudgment interest on the amounts overdue on the underpaid claims;

(iii) award Healthcare Providers their costs;

(iv) enter an order declaring the rate(s) at which United must reimburse Healthcare Providers for the emergency services Healthcare Providers render to United's Members as an out-of-network provider;

(v) issue a mandatory injunction compelling United to reimburse Healthcare Providers no less than the reimbursement rates to which the Court declares Healthcare Providers are entitled from United for the emergency services Healthcare Providers render to United's Members as out-of-network providers; and

(vi) grant Healthcare Providers any and all further relief as more specifically sought in all preceding paragraphs and as the Court deems just and appropriate under the circumstances.

16

Lash&Goldberg_LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

## \JURY DEMAND

Healthcare Providers hereby demand a trial by jury for all claims so triable.

Respectfully Submitted:

**LASH & GOLDBERG LLP**
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331
Tel.: 954-384-2500
Fax: 954-384-2510
*Attorneys for Healthcare Providers*

By: /s/ Michael L. Ehren
  **ALAN D. LASH**
  Florida Bar No. 510904
  alash@lashgoldberg.com
  **JUSTIN C. FINEBERG**
  Florida Bar No. 0053716
  jfineberg@lashgoldberg.com
  **MICHAEL L. EHREN**
  Florida Bar No. 0043768
  mehren@lashgoldberg.com

Dated: March 3, 2020

17

Lash&Goldberg LLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

IN THE CIRCUIT COURT FOR THE 17th JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 20-003898 (03)

FLORIDA EMERGENCY PHYSICIANS
KANG & ASSOCIATES, M.D., INC.;
INPHYNET CONTRACTING SERVICES, LLC;
INPHYNET SOUTH BROWARD, LLC;
PARAGON CONTRACTING SERVICES, LLC;
PARAGON EMERGENCY SERVICES, LLC;
SOUTHWEST FLORIDA EMERGENCY
MANAGEMENT, LLC; EMERGENCY
SERVICE OF ZEPHYRHILLS, P.A.,

       Plaintiffs,

v.

UNITED HEALTCHARE OF FLORIDA, INC.
UNITEDHEALTHCARE INSURANCE CO.,

       Defendants.
_____/

### NOTICE OF APPEARANCE AND DESIGNATION OF PRIMARY AND SECONDARY E-MAIL ADDRESSES

       Gera R. Peoples, Esq. and Irene Bassel Frick, Esq., of the law firm Akerman LLP, hereby give notice of their appearance as counsel on behalf of Defendants, UNITEDHEALTHCARE OF FLORIDA, INC.[1] and UNITEDHEALTHCARE INSURANCE CO. (hereinafter "DEFENDANTS"), and request that copies of all orders, process, pleadings, and other documents filed or served in this matter be served on them via eService or at the address listed below, as appropriate. In compliance with Florida Rule of Judicial Administration

---

[1] Plaintiffs named "United Healtchare of Florida, Inc." as one of the Defendants in the caption of the above-styled case. The proper name of Defendant United Healtchare of Florida, Inc. is United Healthcare of Florida, Inc. Plaintiffs properly spell Defendant UnitedHealthcare of Florida, Inc. throughout the body of the Complaint (unlike in the caption).

1

2.516(b)(1)(A), they hereby designate the following primary and secondary e-mail addresses for

eService:

| | |
|---|---|
| Primary E-mail: | gera.peoples@akerman.com |
| Secondary E-mail: | magda.cabra@akerman.com |
| | |
| Primary E-mail: | irene.basselfrick@akerman.com |
| Secondary E-mail: | nicole.emmett@akerman.com |

Dated: April 10, 2020.                         Respectfully submitted,

**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Ste. 1100
Miami, Florida  33131
Telephone:  (305) 374-5600

By:/s/ Gera R. Peoples
**Gera R. Peoples, Esq.**
Florida Bar No. 450022
gera.peoples@akerman.com
magda.cabra@akerman.com

and

**AKERMAN LLP**
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone:  (813) 223-7333
**Irene Bassel Frick, Esq.**
Florida Bar No. 0158739
irene.basselfrick@akerman.com
nicole.emmett@akerman.com

and

**K. Lee Blalack II** (*pro hac vice*)
**Kevin D. Feder** (*pro hac vice*)
lblalack@omm.com
kfeder@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006

2

(202) 383-5300
*Motions to Appear Pro Hac Vice To Be Filed*

**Amanda L. Genovese** (*pro hac vice*)
agenovese@omm.com
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
(212) 326-2000
*Motion to Appear Pro Hac Vice To Be Filed*

**Natasha S. Fedder** (*pro hac vice*)
nfedder@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
(213) 430-6000
*Motion to Appear Pro Hac Vice To Be Filed*

*Counsel for Defendants,*
*United Healthcare of Florida, Inc.*
*and UnitedHealthcare Insurance Co.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the Florida E-portal system, which will send notification of such filing and by Electronic Service e-mail to the following:

Michael L. Ehren, Esq.
Email:  mehren@lashgoldberg.com
Justin C. Finberg, Esq.
Email:  jfineberg@lashgoldberg.com
Alan D. Lash, Esq.
Email:  alash@lashgoldberg.com
Lash & Goldberg, LLP
Weston Corporate Center I
2500 Weston Road, Ste. 220
Weston, FL 33331
Telephone:  (954) 384-2500
Facsimile:  (954) 384-2510

/s/ Gera R. Peoples
Gera R. Peoples

## Florida Emergency Physicians Kang & Associates MD, et al Plaintiff vs. United Healthcare of Florida Inc, et al Defendant

**Broward County Case Number:** CACE20003898
**State Reporting Number:** 062020CA003898AXXXCE
**Court Type:** Civil
**Case Type:** Other - Business Transaction
**Incident Date:** N/A
**Filing Date:** 03/03/2020
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 03 Lopane, Nicholas

### − Party(ies)

Total: 9

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Florida Emergency Physicians Kang & Associates MD** | | ★ Ehren, Michael L. Retained Bar ID: 0043768 Lash & Goldberg LLP Weston Corporate Center 1 2500 Weston Rd., suite 220 Weston, FL 33331 **Status: Active** |
| Plaintiff | **Inphynet Contracting Services LLC** | | ★ Ehren, Michael L. Retained Bar ID: 0043768 Lash & Goldberg LLP Weston Corporate Center 1 2500 Weston Rd., suite 220 Weston, FL 33331 **Status: Active** |

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Inphynet South Broward LLC** | | ★ Ehren, Michael L. Retained Bar ID: 0043768 Lash & Goldberg LLP Weston Corporate Center 1 2500 Weston Rd., suite 220 Weston, FL 33331 **Status: Active** |
| Plaintiff | **Paragon Contracting Services LLC** | | ★ Ehren, Michael L. Retained Bar ID: 0043768 Lash & Goldberg LLP Weston Corporate Center 1 2500 Weston Rd., suite 220 Weston, FL 33331 **Status: Active** |
| Plaintiff | **Paragon Emergency Services LLC** | | ★ Ehren, Michael L. Retained Bar ID: 0043768 Lash & Goldberg LLP Weston Corporate Center 1 2500 Weston Rd., suite 220 Weston, FL 33331 **Status: Active** |
| Plaintiff | **Southwest Florida Emergency Management LLC** | | ★ Ehren, Michael L. Retained Bar ID: 0043768 Lash & Goldberg LLP Weston Corporate Center 1 2500 Weston Rd., suite 220 Weston, FL 33331 **Status: Active** |

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Emergency Services of Zephyrhills P C** | | ★ Ehren, Michael L. Retained Bar ID: 0043768 Lash & Goldberg LLP Weston Corporate Center 1 2500 Weston Rd., suite 220 Weston, FL 33331 **Status: Active** |
| Defendant | **United Healthcare of Florida Inc** | | |
| Defendant | **UnitedHealthcare Insurance Company** | | |

## − Disposition(s)

Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|
| Date | Disposition(s) | View | Page(s) |

## − Event(s) & Document(s)

Total: 5

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 03/12/2020 | **eSummons Issuance** | Party: *Defendant* UnitedHealthcare Insurance Company | 📄 | 2 |
| 03/12/2020 | **eSummons Issuance** | Party: *Defendant* United Healthcare of Florida Inc | 📄 | 2 |
| 03/03/2020 | **Civil Cover Sheet** | Amount: $1,000,000.00 | 📄 | 3 |

4/13/2020                          Case Detail - Public - Broward County Clerk of Courts

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 03/03/2020 | **Civil Cover Sheet** | Amount: $1,000,000.00 | 📄 | 4 |
| 03/03/2020 | **Complaint (eFiled)** | | 📄 | 17 |

**–**  Hearing(s)                                                                      Total: 0

**There is no Disposition information available for this case.**

**–**  Related Case(s)                                                                 Total: 0

**There is no related case information available for this case.**