**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-60757-CIV-DIMITROULEAS**

**FLORIDA EMERGENCY PHYSICIANS
KANG & ASSOCIATES, M.D., INC., et al.,**

 **Plaintiffs,**

**vs.**

**UNITED HEALTHCARE OF FLORIDA,
INC., et al.,**

 **Defendants.**

_____/

**UNITED DEFENDANTS' INITIAL RESPONSE TO PLAINTIFFS'
NOTICE OF INTENT NOT TO FILE SECOND AMENDED COMPLAINT**

On March 30, 2021, Plaintiffs filed with the Court a "Notice of Intent Not to File a Second Amended Complaint and Request that this Action be Remanded to State Court" [ECF No. 69] ("Plaintiffs' Notice"). Defendants, UnitedHealthcare of Florida, Inc., UnitedHealthcare Insurance Co., and UMR, Inc. (collectively, the "United Defendants"), respectfully request that the Court wait to act on Plaintiffs' Notice, so that the United Defendants have an opportunity to respond thereto, and state the following in support:

**BACKGROUND**

On June 9, 2020, Plaintiffs filed an Amended Complaint asserting the following claims: Count I, Violation of RICO, 18 U.S.C. § 1962(c), against all Defendants; Count II, Violation of RICO conspiracy, 18 U.S.C. § 1962(d), against all Defendants; Count III, Violation of FDUTPA against MultiPlan, Inc.; Count IV, Violation of Florida Statute § 641.513 against United Healthcare of Florida, Inc.; Count V, Violation of Florida Statute § 627.64194 against UnitedHealthcare Insurance Co.; Count VI, Breach of Implied-in-Fact Contract against the United Defendants;

Count VII, Quantum Meruit against the United Defendants; Count VIII, Unjust Enrichment against the United Defendants; and Count IX, Declaratory Judgement against the United Defendants. [ECF No. 27].

The Defendants moved to dismiss the Amended Complaint. [ECF Nos. 38-39]. On March 16, 2021, this Court entered an Omnibus Order dismissing Counts I-III of the Amended Complaint with leave to file a second amended complaint by March 30. [ECF No. 68]. In the Omnibus Order, this Court did not raise the possibility of remand. On March 30, rather than filing a second amended complaint as directed, Plaintiffs instead filed a Notice of their intent to not file a second amended complaint—accompanied by a request that this Court remand the action to the 17th Judicial Circuit Court. [ECF No. 69].

## ARGUMENT

This Court should construe Plaintiffs' Notice as a motion since it requests relief from the Court, and permit the United Defendants 14 days to respond. Courts in this district look beyond the title of a document to analyze its substance in determining whether notices should be properly considered motions. For instance, in *MSPA Claims 1, LLC v. Nat'l Fire Ins. Co.*, No. 1:16-cv-20531 (S.D. Fla. June 16, 2016) at ECF No. 24, Magistrate Judge John J. O'Sullivan *sua sponte* struck a request for judicial notice filed by the plaintiff. Specifically, Judge O'Sullivan found that "[a]though the document is titled a 'notice,' it seeks relief from this Court and is therefore a motion . . . [but] fails to comply with [S.D. Fla. L. R. **7**.1(a)(3) ] . . . ." *Id.* Also, because the request was a disguised motion, the plaintiff was required but failed to conduct a pre-filing conference on same.

Similarly here, Plaintiffs' Notice is, in effect, a disguised motion to remand to which Local Rule 7.1 applies. But despite the applicability of Local Rule 7.1, Plaintiffs failed to confer with

counsel for the United Defendants before seeking remand. S.D. Fla. L.R. 7.1(a)(3). Plaintiffs have also, in effect, treated their Notice as a Motion under Local Rule 7.1: For example, Plaintiffs filed a proposed order of remand in reliance on Local Rule 7.1(a)(2), and also attempted to incorporate a memorandum of law supporting remand pursuant to Local Rule 7.1(a)(1). Therefore, pursuant to the Local Rules, the United Defendants are entitled to 14 days to file a response to Plaintiffs' Notice.

## CONCLUSION

WHEREFORE, the United Defendants respectfully request the Court to construe Plaintiffs' Notice, [ECF No. 69], as a motion to remand and permit Defendants 14 days to confer with Plaintiffs regarding Plaintiffs' Notice, and to formally respond to the relief requested therein.

Dated: March 30, 2021.                                        Respectfully submitted,

*/s/ Gera R. Peoples, Esq.*
**Gera R. Peoples, Esq.**
Florida Bar No. 450022
gera.peoples@akerman.com
**AKERMAN LLP**
98 SE Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600

**Irene Bassel Frick, Esq.**
Florida Bar No. 0158739
irene.basselfrick@akerman.com
**AKERMAN LLP**
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333

**K. Lee Blalack II** (*admitted pro hac vice*)
**Kevin D. Feder** (*admitted pro hac vice*)
lblalack@omm.com
kfeder@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006

(202) 383-5300

**Amanda L. Genovese** (*admitted pro hac vice*)
agenovese@omm.com
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
(212) 326-2000

**Natasha S. Fedder** (*admitted pro hac vice*)
nfedder@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
(213) 430-6000

*Counsel for United Defendants*

57472659;1