UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FLORIDA EMERGENCY PHYSICIANS
KANG & ASSOCIATES, M.D., INC., *et al.*,

      Plaintiffs,

v.

UNITED HEALTHCARE OF FLORIDA, INC.,
*et al.*,

      Defendants.

Case No.: 0:20-cv-60757-WPD

## UNITED DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION [DE 71]

Defendants UnitedHealthcare of Florida, Inc., UnitedHealthcare Insurance Company, and UMR, Inc. (together, the "United Defendants"),[1] hereby respond to this Court's Order of March 31, 2021, to show cause ("Show Cause Order") as to why this matter should not be remanded to state court. *See* [DE 71].

As this Show Cause Order recounted, on March 16, 2021, the Court dismissed without prejudice Counts I, II, and III of Plaintiffs' Amended Complaint, which included Plaintiffs' claims for violations of RICO, 18 U.S.C. § 1962(c) and § 1962(d). *See id.* at 1-2. The Court granted Plaintiffs leave to file a second amended complaint in an effort to re-plead those claims, but on March 30, 2021, Plaintiffs filed a notice stating that they did not intend to do so. "As such," this Court concluded in the Show Cause Order, "the only remaining claims are [Plaintiffs'] state law

---

[1] "United Healthcare of Florida, Inc." is a named Defendant in the above-captioned case. The correct entity is "UnitedHealthcare of Florida, Inc." For consistency, the United Defendants have preserved the original case caption, including its spacing error.

1

claims." *Id.* at 2.

As a result of Plaintiffs' decision not to amended their complaint, this Court has jurisdiction over this action to enter a final judgment as to the dismissed federal claims (Counts I and II) before this action can be remanded. The United Defendants have contemporaneously filed a motion for partial judgment pursuant to Federal Rule of Civil Procedure 54(b) on the RICO causes of action (Counts I and II) that the Court dismissed. *See* [DE 73]. That motion respectfully requests that the Court provide a final disposition on those dismissed Counts while the Court indisputably still has subject matter jurisdiction over those claims. *See Fulwood v. Fed. Bureau of Prisons*, 568 F. App'x 753, 755 n.1 (11th Cir. 2014) (if a plaintiff "does not amend his complaint after being so directed by the court … the district court has nothing left to do and the court's order of dismissal becomes final"); *Briehler v. City of Miami*, 926 F.2d 1001, 1003 (11th Cir. 1991) (per curiam) ("[W]here a plaintiff chooses to waive the right to amend, there is nothing left for the district court to do and the [dismissal] order therefore becomes final."). As noted in that motion, failing to formally enter judgment as to these claims would both (1) risk allowing Plaintiffs to circumvent this Court's jurisdiction by declining to re-plead the dismissed claims here, as ordered, but electing to re-plead those claims (or state-law RICO analogs) in state court upon remand; and (2) entirely deprive Defendants of an opportunity to obtain judgment on those claims because if this Court does not enter final judgment before remanding to state court, there is no means for the United Defendants ever to obtain final judgment without attempting to remove the case back to federal court. *See* [DE 73].

If this Court grants the United Defendants' motion for entry of judgment on Counts I and

57650072;1

II, the United Defendants would not oppose remand of the remaining claims.[2]

Dated: April 9, 2021                            Respectfully submitted,

*/s/ Gera R. Peoples, Esq.*
**Gera R. Peoples, Esq.**
Florida Bar No. 450022
gera.peoples@akerman.com
**AKERMAN LLP**
98 SE Seventh Street, Suite 1100
Miami, Florida 33131
Telephone: (305) 374-5600

**Irene Bassel Frick, Esq.**
Florida Bar No. 0158739
irene.basselfrick@akerman.com
**AKERMAN LLP**
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333

**K. Lee Blalack II** (*admitted pro hac vice*)
**Kevin D. Feder** (*admitted pro hac vice*)
lblalack@omm.com
kfeder@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

**Amanda L. Genovese** (*admitted pro hac vice*)
agenovese@omm.com
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
(212) 326-2000

**Natasha S. Fedder** (*admitted pro hac vice*)
nfedder@omm.com
**O'MELVENY & MYERS LLP**

---

[2] Such non-opposition is without waiver of the United Defendants' position that the District Court has federal question jurisdiction based on ERISA complete preemption. The United Defendants fully reserve their rights with respect to that position.

3

57650072;1

                                        400 South Hope Street, 18th Floor
                                        Los Angeles, CA 90071-2899
                                        (213) 430-6000

                                        *Counsel for United Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 9th day of April, 2021, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the listed attorneys to be noticed.

                                        */s/ Gera R. Peoples, Esq.*
                                        **Gera R. Peoples, Esq.**