UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-60757-CIV-DIMITROULEAS/SNOW

FLORIDA EMERGENCY PHYSICIANS
KANG & ASSOCIATES, M.D., INC. *et al.*

 *Plaintiffs,*

v.

UNITEDHEALTHCARE OF FLORIDA, INC., *et al.*

 *Defendants.*

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION
FOR ENTRY OF FINAL JUDGMENT**

 Pursuant to Local Rule 7.1(c), S.D.Fla.L.R., Plaintiffs respond to the United Defendants' Motion for Entry of Final Judgment as to Counts I and II ("Motion") [DE 73]. For the reasons set for the below, the Motion should be denied as moot, and prior thereto, the case remanded to the Florida Circuit Court for the 17th Judicial Circuit, in and for Broward County, Florida, without any further judicial action or intervention.

 First, the Motion should be denied because the Court no longer has subject-matter jurisdiction over the Amended Complaint. The Court's Order on the Motion to Dismiss [DE 68], did not dismiss the Amended Complaint in full, but rather dismissed the federal RICO counts (Counts I and II), without prejudice, and with leave to amend.[1] The federal RICO counts formed

---

[1] In the Order on the Motion to Dismiss (the "Order"), the Court dismissed without prejudice Plaintiffs' federal RICO claims (Counts I and II) and FDUTPA claim (Count III). The Court denied the motions to dismiss as to the remaining claims, all of which arise under state law. The Court granted Plaintiffs leave to replead on or before March 30, 2021, in order to revive the dismissed claims.

1



LASHGOLDBERG.COM   MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

the basis of this Court's subject-matter jurisdiction. When Plaintiffs notified the Court that they were not going to file a Second Amended Complaint,[2] the Court's dismissal of the RICO claims became final. And, as the cases cited by the United Defendants make clear, at this juncture, the Court has "nothing left to do." (*See* DE 74 at 2; *citing, Fulwood v. Fed. Bureau of Prisons*, 568 F. App'x 753, 755 n.1 (11th Cir. 2014); *Briehler v. City of Miami*, 926 F.2d 1001, 1003 (11th Cir. 1991) (per curiam)).[3] Accordingly, when dismissal of the RICO claims became final, this action became an exclusively state law dispute. Given the absence of subject-matter jurisdiction, the Court's only appropriate course is to immediately remand the action to state court. *See Dearmas v. Av-Med, Inc.*, 865 F. Supp. 816, 818 (S.D. Fla. 1994) (granting in part motion to dismiss removed complaint solely to dismiss claim preempted by ERISA and simultaneously remanding action to state court, without entry of judgment on dismissed claim, because ERISA preempted claim was basis for removal and its dismissal eliminated federal subject-matter jurisdiction).

Second, entry of final judgment is entirely unnecessary. The United Defendants fret that "[w]ithout final judgment, Plaintiffs may later attempt to circumvent this Court's jurisdiction by declining to re-plead the dismissed claims here as ordered by electing to re-plead those claims (or

---

[2] On March 30, 2021, Plaintiffs submitted a notice ("Notice") [DE 69] stating that they did not intend to replead. Further, because the Court had dismissed the only federal claims in the case, Plaintiffs observed that there was no longer a basis for the exercise of federal subject-matter jurisdiction. Accordingly, Plaintiffs noted that the proper course of action would be for the Court to remand this dispute to the state court from whence it had been removed. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[3] On March 31, 2021, the Court issued an order requiring the United Defendants to show cause as to why this matter should not be remanded to state court ("OSC") [DE 71]. On April 9, 2021, the United Defendants responded to the OSC ("OSC Response") [DE 74] and filed the contemporaneous Motion. In these filings, the United Defendants stated that they "would not oppose remand of the remaining claims," provided the Court enters final judgment on the already dismissed federal RICO claims. [DE 74 at 2-3.]

state-law RICO analogs) in state court upon remand." (Motion at 4 ¶ 8.) But, as the United Defendants concede in a footnote, Plaintiffs have expressly represented that they "do not intend to amend the First Amended Complaint to add new claims or attempt to revive the dismissed claims in state court." (Motion at 4 n.4 (quoting 4/6/21 email from J. Fineberg to K. Feder) [DE 73-1].) The United Defendants therefore have no need for a final judgment to give them certainty over the state law proceedings following remand to state court.

Nevertheless, even in the absence of Plaintiffs' representation regarding the state-court proceedings, there is no practical way for Plaintiffs "to circumvent this Court's jurisdiction." If Plaintiffs were to replead federal RICO claims in state court, the United Defendants could simply remove the case back to this Court, which would promptly dismiss those claims. And, while the United Defendants raise a concern about an amendment to plead analogous claims under Florida's Civil Remedies for Criminal Practices Act ("CRCP"), Fla. Stat. § 772.101, *et seq.*, any such amendment would not "circumvent" the Court's jurisdiction. CRCP claims are state law claims that belong in state court, and they provide no basis federal question jurisdiction. While similar, they would not be identical to the federal RICO claims already dismissed, and nothing that happened in this Court would preclude the filing of new or different state-law theories. Thus, while Plaintiffs do not intend to amend their pleading in state court to add CRCP claims—and have already represented as much—there would be nothing improper about doing so. Consequently, no judgment in this Court is necessary.

Lash&GoldbergLLP
LASHGOLDBERG.COM

MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

For the reasons set forth above, Plaintiffs respectfully submit that the Motion should be denied as moot, and prior thereto, the case remanded to the Florida Circuit Court for the 17th Judicial Circuit, in and for Broward County, Florida, without any further judicial action or intervention, pursuant to 28 U.S.C. §§ 1367(c)(3) and 1447(c).[4]

        Respectfully submitted:

/s/ Justin C. Fineberg
**ALAN D. LASH**
Florida Bar No. 510904
alash@lashgoldberg.com
**JUSTIN C. FINEBERG**
Florida Bar No. 0053716
jfineberg@lashgoldberg.com
**MICHAEL L. EHREN**
Florida Bar No. 0043768
mehren@lashgoldberg.com
**JONATHAN E. SIEGELAUB**
Florida Bar No. 1019121
jsiegelaub@lashgolberg.com

**LASH & GOLDBERG LLP**
Weston Corporate Center I
2500 Weston Road, Suite 220
Weston, FL 33331

*Counsel for Plaintiffs*

---

[4] Plaintiffs previously submitted a proposed Order to this effect, attached at DE 69-1.

4


MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel  305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel  954 384 2510 fax
LASHGOLDBERG.COM   TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 11, 2021, I served the foregoing on all counsel of record via filing on the Court's CM/ECF system.

/s/ <i>Justin C. Fineberg</i>



MIAMI 100 Southeast 2nd Street, Suite 1200 • Miami, Florida 33131-2158 • 305 347 4040 tel   305 347 4050 fax
FT. LAUDERDALE 2500 Weston Road, Suite 220 • Weston, Florida 33331-3615 • 954 384 2500 tel   954 384 2510 fax
TAMPA 142 West Platt Street, Suite 118 • Tampa, FL 33606-2315 • 813-284-4002 tel